IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROGER LEE DEAL, SR.,            )
                                )
            Plaintiff,          )
                                )
       v.                       )    1:13CV1033
                                )
DOCTOR CHUNG,                   )
                                )
            Defendant.          )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff filed a Complaint under 42 U.S.C. § 1983 without either the $400.00 filing fee or an *in forma pauperis* application. The Court stayed the matter to allow Petitioner to provide one or the other. Plaintiff chose to submit an *in forma pauperis* application, which the Court has now reviewed. In reliance upon the representations set forth in the request, the Court finds that Plaintiff is unable to make an initial partial payment of the fees in this matter and that he will be allowed to proceed *in forma pauperis*.

Petitioner also filed two Motions to Amend his Complaint under Federal Rule of Civil Procedure 15(a). In the first such Motion [Doc. #4], Plaintiff seeks to amend the present Complaint by referencing a Complaint in a separate case, 1:13CV1032. This Motion will be denied because Petitioner did not attach his proposed Amended Complaint. He cannot simply reference a Complaint in another case. Moreover, adding the Complaint in 1:13CV1032 would not be proper in any event because the Complaint in that case is deficient for reasons set out in that case.

As for Plaintiff's second Motion to Amend [Doc. #5], a proposed Amended Complaint is attached to that second Motion to Amend. Further, Plaintiff is entitled under Federal Rule of Civil Procedure 15(a)(1) to amend his Complaint one time even without Court permission. Therefore, given that Plaintiff submitted an Amended Complaint with the second Motion, the Court will treat that Amended Complaint as Plaintiff's amendment as of right under Rule 15, and the second Motion to Amend will be granted on that basis.

However, Plaintiff's Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to "dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Here, the Amended Complaint includes three sets of § 1983 forms. The first set of § 1983 forms is a slightly modified version of the original Complaint in this case. The second and third sets of § 1983 forms add claims against new Defendants: "Inmate Billy", Warden Serrell, and Dr. White. However, as to Inmate Billy, Plaintiff fails to state any viable claim for relief. He alleges that his fellow inmate assaulted and injured him. However, this does not state a claim under § 1983 since Inmate Billy is a private party and not a person acting under color of state law. For this reason, all of the claims against Inmate Billy should be dismissed pursuant

to 28 U.S.C. § 1915A. Any issues as to the remaining claims can be further considered after a responsive pleading is filed.

IT IS THEREFORE ORDERED that Plaintiff in the above-named action be, and is hereby, permitted to file and prosecute said action in this Court without prepayment of fees or giving security therefor, subject to the conditions set forth below.

IT IS FURTHER ORDERED that, as a condition of Plaintiff's proceeding *in forma pauperis*, Plaintiff's current custodian and/or trust officer shall, starting with the month of July, 2014, collect, set aside, and pay from Plaintiff's trust account on a continuing basis 20 percent of the deposits to Plaintiff's account until the full filing fee and any costs, should they be assessed at a later date, have been paid in full.[1] Unless the Court orders otherwise and except for final payment, such payments shall be made each time the set aside balance in Plaintiff's account exceeds $10.00 until the $400.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that all payments shall be designated as made in payment of the filing fee for Civil Action No. 1:13CV1033, and shall be paid to the Clerk, U.S. District

---

[1]If Plaintiff is currently assigned to work release, the amounts set aside from work release earnings shall be treated as court costs under the North Carolina statutes governing priority of payouts for work release prisoners, N.C.G.S. § 148-33.1(f)(4). If the earnings in any month are not sufficient to cover the expenses listed in N.C.G.S. § 148-33.1(f)(1)-(f)(3a) without infringing on the set aside amount, then the excess expenses may be deducted from the set aside amount.

Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that the Clerk shall send Plaintiff a summons for each defendant named in the Amended Complaint. Plaintiff must fill out a summons for each defendant, including an address suitable for service, and then return the summons(es) to the Clerk. Failure to provide an address wherein service may be made on any defendant will result in the dismissal of the action as to all such unserved defendants. See Fed. R. Civ. P. 4(m).

IT IS FURTHER ORDERED that, upon return of the properly completed summons(es) by Plaintiff, the United States Marshal shall serve the complaint on the Defendant(s).

IT IS FURTHER ORDERED that Plaintiff's first Motion to Amend [Doc. #4] is DENIED for failure to attach an Amended Complaint, and that Plaintiff's second Motion to Amend [Doc. #5] is GRANTED based on Plaintiff's ability to amend once as of right under Federal Rule of Civil Procedure 15(a)(1).

IT IS RECOMMENDED that all claims against Inmate Billy be dismissed from the case under 28 U.S.C. § 1915A(b)(1) based on Plaintiff's failure to state a claim upon which relief can be granted as to Inmate Billy.

This, the 19th day of June, 2014.

/s/ Joi Elizabeth Peake
United States Magistrate Judge